## City of Pittsburgh v. Gribbin

*Anne X. Alpern*, city solicitor, and *Leo I. Shapiro*, assistant city solicitor, for plaintiff.

*Edward J. I. Gannon*, and *Hazlett, Hannon, Walter & McVicar*, for defendant.

SOFFEL, J., May 17, 1944.—This case comes before the court upon a rule to show cause why a decree should not be entered setting off taxes, penalty, interest, and costs owed the City of Pittsburgh by defendant, James A. Gribbin, against a claim which said defendant has against the City of Pittsburgh.

James A. Gribbin, defendant, is the owner of property situate in the sixth ward of the City of Pittsburgh. There are due and owing the City of Pittsburgh the following delinquent taxes, to wit:

| Year | Amount |
|------|--------|
| 1943 | $321.41 |
| 1942 | 303.75 |
| 1941 | 310.50 |
| 1940 | 310.50 |
| 1939 | 428.07 |

The above amounts are exclusive of penalty, interest, and costs.

In its petition the City of Pittsburgh has included school taxes. We are of the opinion that the City of Pittsburgh has no authority to include school taxes, as they are payable to the School District of the City of Pittsburgh, a separate entity. For that reason we have not set them out.

Defendant has a judgment against the City of Pittsburgh in the amount of $800, by virtue of damages awarded by reason of the opening of Bandera Way, V-1, no. 6, January term, 1943.

On May 13, 1941, the City of Pittsburgh passed an ordinance for the opening of Bandera Way, which

proceeding involved the taking of a strip eight feet wide belonging to said James A. Gribbin and extending from Thirty-eighth Street to Thirty-ninth Street. The property taken for said Bandera Way is a part of a separate and distinct tract of land and is not the same property that has been assessed for taxation. On March 30, 1943, the report of the viewers was confirmed absolutely.

The instant proceedings were instituted under the Act of April 15, 1943, P. L. 53, which amends and re-enacts the Act of July 1, 1937, P. L. 2611.

The Act of July 1, 1937, P. L. 2611, is an act which authorizes political subdivisions, other than cities of the first class, to set off delinquent taxes and municipal claims, and penalties, interest, and costs thereon, against claims and accounts due by such political subdivisions.

An analysis of this act establishes the fact that the legislature intended to give a municipality, such as the City of Pittsburgh, the right to set off delinquent taxes against any claim or account that it might owe the delinquent taxpayer. The act authorizes the withholding of payment to a creditor of a municipality upon determination that he was indebted to the municipality on account of delinquent taxes. It further provides for an invitation by the municipality to the creditor to apply the proceeds of the claim to the payment of taxes. The act, however, makes no provision for compulsory application upon the failure of the claimant or delinquent taxpayer to enter into such agreement.

On April 2, 1943, the City of Pittsburgh notified defendant that it was ready to pay the sum of $800 awarded him as damages by reason of the opening of Bandera Way. He was further informed that payment of said award would be withheld until the delinquent taxes on the lots at Thirty-eighth Street and Penn Avenue were paid. The unpaid taxes—city and school—were listed. He was requested to assign the amount of

said award as payment on account of the aforesaid unpaid taxes. Nothing was done by defendant.

On April 15, 1943, Act no. 32, P. L. 53, was passed, reënacting and amending the Act of 1937, P. L. 2611. It is our opinion that the Act of 1943 is procedural in nature and intended to cure the defect of the Act of 1937.

The title of the Act of 1943 reads as follows:

"An act to reënact and amend the title of and the act, approved the first day of July, one thousand nine hundred and thirty-seven (Pamphlet Laws, two thousand six hundred eleven), entitled 'An act authorizing political subdivisions, other than cities of the first class, to set-off delinquent taxes and municipal claims and penalties, interest, and cost due thereon, against claims and accounts due by such political subdivisions,' extending the provisions of said act, so that judgments held by such political subdivisions and the costs and interest accrued thereon may be set-off against claims and accounts owing by the political subdivisions."

Section 1 of said act provides as follows:

"The title of and the entire act, approved the first day of July, one thousand nine hundred and thirty-seven (Pamphlet Laws, two thousand six hundred eleven), entitled 'An act authorizing political subdivisions, other than cities of the first class, to set-off delinquent taxes and municipal claims and penalties, interest, and cost due thereon against claims and accounts due by such political subdivisions, are hereby reenacted and amended to read as follows:

"An act authorizing political subdivisions, other than cities of the first class, to set-off delinquent taxes, municipal claims and judgments held thereby, and penalties, interest, and cost due thereon, against claims and accounts due by such political subdivisions, and providing a procedure therefor."

Section 2 of said act [of 1937, as reënacted and amended] provides as follows:

"Every political subdivision, before approving or paying the claim or account of any person against such political subdivision, shall have power to inquire of the receiver of taxes of the political subdivision whether such person is indebted to it for or on account of any delinquent taxes or municipal claims. In any case where it shall be found that such person is so indebted to the political subdivision, or when such person is indebted to the political subdivision for any sum of money, which debt shall have been reduced to judgment in favor of such political subdivision, the approval and payment of such claim or account in whole or in part shall be withheld by the officer or employe authorized by law to make such approval or payment, until such person shall have entered into an agreement with the political subdivision as hereinafter provided."

Section 4 of said act provides as follows:

"If any person who is indebted to the political subdivision on account of delinquent taxes, municipal claims or judgment as aforesaid, and who has a claim or account against such political subdivision, shall, upon demand of the political subdivision, refuse, neglect or fail to enter into an agreement as hereinbefore provided, such political subdivision may petition the court of common pleas of the county, setting forth the facts of the case and asking for a rule to show cause why a decree should not be made that the amount of such delinquent taxes, municipal claim or judgment owing to the political subdivision, be set-off against the claim or account which such person has against the political subdivision, or against the proceeds of any judgment secured thereon. Thereupon the court shall grant a rule against all parties interested to appear and show cause why such a decree should not be made. The rule shall be returnable in not less than ninety (90) days from the date the petition was presented. If, during

such period, prior to the return of such rule, the said person having such claim or account against the political subdivision shall enter into an agreement therewith, satisfactory to the political subdivision, the said proceedings upon notice given to the said court shall terminate."

Section 5 of said act provides as follows:

"If, upon hearing, the court is satisfied that service of the rule has been made upon the parties interested, and that the facts stated in the petition are true, it shall order and decree that the amount of delinquent taxes, municipal claims and judgments owing to the said political subdivision by the said person having a claim or account against such political subdivision, shall be set-off against such claim or account and against the proceeds of any judgment secured thereon. The court shall in its order determine by whom the costs of the proceedings shall be paid."

In the instant case money is due defendant on a judgment resulting from a viewers' proceeding in the taking of a strip of land by the City of Pittsburgh. Under the provisions of the Act of 1937 the City of Pittsburgh withheld payment of the judgment. Defendant failed to enter into an agreement for the application of the amount due him to the payment of the then delinquent taxes. Proceeding under the Act of 1943, the City of Pittsburgh has requested a decree authorizing it to set off against the amount of judgment withheld and due the defendant all delinquent taxes due.

Does the legislature have the power to authorize the court to compel a set-off where a municipality has within its hands funds evidenced by a judgment and owed to a claimant who has failed to enter into an agreement with the municipality authorizing such funds to be applied to the payment of delinquent taxes due the municipality?

The right of set-off is statutory. It did not exist at common law, but originated in Pennsylvania under the

Defalcation Act of 1705, 1 Sm. L. 49. The right and extent of set-off depends upon statutory provision. Section 3, 57 Corpus Juris 360, states: "The right or remedy of set-off in actions of law is purely statutory; it was unknown at common law . . ."

Under the legislation cited above, a municipality or any other political subdivision, except a city of the first class, is authorized to set off delinquent taxes, penalty, interest, and costs against any claim or account of a municipal creditor. The court is authorized to decree such set-off.

It is argued by counsel for defendant that this legislation is unconstitutional and that it cannot be applied retroactively. We believe the Act of 1943, supra, to be constitutional. Since this act reënacts the Act of 1937, as well as amends it, we are of the opinion that it is in essence procedural, curing the impasse of the Act of 1937. Under the Act of 1937 the City of Pittsburgh had the right to withhold payment of funds in its hands due defendant indefinitely, or until delinquent taxes owed by defendant were paid. Therefore defendant could not recover the money due him held by the city. To go one step further and say that the city may now proceed through the courts to demand a set-off works no injustice to defendant. This clarifies the existing situation. The city first acted under the Act of 1937, notified defendant that it intended to withhold the funds, and invited him to enter into an agreement — which he failed to do. It is our opinion that the city, having withheld the funds, is now entitled to proceed by way of set-off. The rule will therefore be made absolute.

## Order of court

And now, to wit, May 17, 1944, it appearing to the court that service of the rule in the instant case has been made upon defendant and that the facts stated in the petition are true and correct, and that the City of

Pittsburgh is indebted to James A. Gribbin in the amount of $800, by virtue of damages awarded by reason of the opening of Bandera Way, V-1, no. 6, January term, 1943, and that James A. Gribbin is indebted to the City of Pittsburgh for delinquent taxes in the amount of $1,674.23, exclusive of penalty, interest, and costs, it is ordered, adjudged, and decreed that the rule to show cause be made absolute, and that the City of Pittsburgh be and is hereby authorized to set off delinquent taxes, penalty, interest, and costs, owed by defendant to the City of Pittsburgh, against the claim which defendant has against the said City of Pittsburgh to the extent that the said delinquent taxes, penalty, interest, and costs exhaust the amount of the judgment.

Defendant to pay the costs of these proceedings.